### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THE BOILING POINT, INC. d/b/a PEPPERCORNS KITCHEN, | |
| Plaintiff, | |
| | Case No. |
| v. | |
| NAN LUO a/k/a "JUDY LUO" and FANYUAN INVESTMENT MANAGEMENT LLC. d/b/a PEPPERCORNS KITCHEN, | Jury Trial Demanded |
| Defendants. | |

## COMPLAINT

Plaintiff THE BOILING POINT, INC. d/b/a PEPPERCORNS KITCHEN, by and through its undersigned counsel, hereby brings this Complaint against Defendants NAN LUO a/k/a "JUDY LUO" and FANYUAN INVESTEMENT MANAGEMENT LLC d/b/a PEPPERCORNS KITCHEN. In support thereof, Plaintiff states as follows:

## PARTIES

1.      Plaintiff THE BOILING POINT, INC. d/b/a PEPPERCORNS KITCHEN ("Plaintiff") is a closely held Illinois corporation with its principal base of business located at 620 Davis St., Evanston, IL 60201. Plaintiff owns the trademarks and copyrights at issue in this lawsuit.

2.      Defendant NAN LUO a/k/a "JUDY LUO" ("Defendant Luo") resides in Illinois.

3.      Defendant FANYUAN INVESTMENT MANAGEMENT LLC ("Defendant FIM") is an Illinois limited liability company with a principal place of business located at 3312 South Halsted Street, Chicago, IL 60608. Defendant Luo is an owner of Defendant FIM.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331, 1338 (for claims arising under 15 U.S.C. §1125 of the Lanham Act and 17 U.S.C.

§ 101, *et seq.* of the Copyright Act). This Court has supplemental jurisdiction over the accompanying state law claims pursuant to 28 U.S.C. §§ 1338, 1367.

5. This Court has specific personal jurisdiction over Defendants because one is an Illinois resident and the other is an Illinois company, and because both have engaged in conduct, giving rise to the claims herein, that satisfies the Illinois long-arm statute (735 ILCS 5/2-209), including the commission of tortious acts within Illinois and/or the commission of tortious acts outside Illinois knowing and intending that such acts would interfere with Illinois interests and cause injury within Illinois. Specifically, Defendants have offered (and continue to offer) restaurant services in Illinois under infringing trademarks in violation of the Lanham Act and have reproduced and distributed (and continue to reproduce and distribute) copyrighted material in Illinois in violation of the Copyright Act.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1391(e).

## BACKGROUND

7. In June of 2014, six individuals (Lili Ma, Wei Xiong, Li Peng Zeng, Fang Xiang, Ziqiu Tan, and Defendant Luo) incorporated The Boiling Point, Inc., a closely held Illinois corporation created for the purpose of, among other things, operating restaurants. *See* Exhibit 1. Shareholders Lili Ma and Wei Xiong originally conceived the idea of opening a restaurant and brought on shareholder Li Peng Zeng to spearhead construction, who in turn brought on Defendant Luo as a silent investor. *See* Lili Ma Declaration ¶ 2, ECF No. 1-19 ("Ma Decl. ¶ 2").

8. Defendant Luo was originally a 25% shareholder of the closely held corporation and, as such, owed a fiduciary duty to Plaintiff, as well as her fellow shareholders.

9. Plaintiff first entered into a lease for its Evanston, Illinois location in October of 2014 and began construction on the restaurant in January of 2015.

10. T2 Cabinets Inc. designed the interior of the restaurant, with some input from Defendant Luo—as a shareholder and fiduciary of Plaintiff.

11. Throughout 2015, shareholder and chef Wei Xiong developed the recipes and menu items for Plaintiff's restaurant. *See* Wei Xiong Declaration ¶ 2, ECF No. 1-20 ("Xiong Decl. ¶ 2").

12. In August of 2015, Kee Chan of Keyconcept Design ("Keyconcept") suggested that shareholder Lili Ma name the restaurant "Peppercorns" during a meeting between Mr. Chan and Ms. Ma. *See* Ma Decl. ¶ 3; Kee Chan Declaration ¶ 3, ECF No. 1-21 ("Chan Decl. ¶ 3").

13. Ms. Ma, who was in charge of branding, menu construction, and website design for Plaintiff, ultimately created the name "Peppercorns Kitchen" in English lettering, with Plaintiff deciding to add Chinese characters to the name after a brief group discussion among the shareholders. *See* Ma Decl. ¶ 4.

14. In June of 2015, Ms. Ma's friend and graphic artist Shupeng Zhang created the Chinese character-version of Peppercorns Kitchen ("巴國演义") using his own unique calligraphy. *See* Ma Decl. ¶ 5. Mr. Zhang sent the calligraphy design to Ms. Ma, and then Ms. Ma sent the calligraphy design to Keyconcept to incorporate into Plaintiff's logo. *See* Exhibit 2.

15. In September of 2015, Ms. Ma worked with Keyconcept to design the food menu, and worked with shareholder and head chef Wei Xiong to translate the menu into English. *See* Ma Decl. ¶ 5; Xiong Decl. ¶ 3.

16. Also in September of 2015, Keyconcept created and delivered first drafts of the "Peppercorns Kitchen" logo and design concepts to Ms. Ma. *See* Exhibit 3; Ma Decl. ¶ 5.

17. Plaintiff, using the "Peppercorns Kitchen" name and mark, first advertised on Facebook® on September 17, 2015, hosted its live website (www.peppercornskitchen.com) on December 14, 2015, and first posted on Instagram® on January 7, 2016. *See* Exhibit 4-6.

18. Since publishing its menu and launching its website in December of 2015, Plaintiff has published and posted dozens of copyright-protected photographs. *See Combined* Exhibit 7.

19. In early January of 2016, Plaintiff set up the physical "Peppercorns Kitchen" sign, which was created and designed by Monsibic Signs & Graphics, above the door of its restaurant.

20. Plaintiff obtained a food establishment license from the City of Evanston on January 12, 2016. *See* Exhibit 8.

21. On January 18, 2016, "Peppercorns Kitchen" opened at its current location in Evanston, Illinois, a college town attracting several out-of-state students and visiting parents.

22. "Peppercorns Kitchen" was an immediate success: It was featured on CCTV and was awarded the "Best Restaurant" and "Best Sichuan Restaurant" in Chicago by ChiHuo (the largest online Chinese-American food platform and promoter in Chicago). *See* Exhibits 9-10.

23. "Peppercorns Kitchen" was also featured in the 2017 Chicago Food Truck Festival.

## Defendants' Infringing and Counterfeiting Activities

24. Plaintiff and its shareholders originally conceived of opening two locations: one in Illinois and one in Indiana. Ma Decl. ¶ 6.

25. However, in 2015, the shareholders could not agree on the specific plan, funding source, and management arrangement for the Indiana location, and so Plaintiff abandoned the idea of opening two locations; instead, Plaintiff focused exclusively on the Evanston, Illinois location. Ma Decl. ¶ 7.

26. Nevertheless, without authorization from Plaintiff or any of the other shareholders, Defendant Luo decided to unilaterally open a "Peppercorns Kitchen" in West Lafayette, Indiana.

27. Defendant Luo opened the Indiana copycat restaurant in February of 2016, using the same name, strikingly similar interior décor, similar menu design, same menu descriptions,

4

and the same ingredients. In short, Defendant Luo hijacked Plaintiff's restaurant and brand.

| *Plaintiff's Designs* | *Defendants' Infringing Designs* |
|---|---|



28.     Although she owed a fiduciary duty to Plaintiff and Plaintiff's shareholders, Defendant Luo nevertheless stole Plaintiff's intellectual property and usurped corporate opportunities for her own personal benefit.

29.     Moreover, when Defendant Luo opened the infringing copycat restaurant, Plaintiff and its shareholders immediately sought to sue Defendant Luo; however, they ultimately believed that if they forced Defendant Luo out of the company and objected to her Indiana location, Defendant Luo would re-name the restaurant. Xiong Decl. ¶ 4. If Defendant Luo did not change her restaurant name, Plaintiff would save money to sue Defendant Luo before the applicable three-year statute of limitations period expired.

30. Therefore, in June of 2016, Plaintiff and its shareholders forced Defendant Luo out of the company by buying out Defendant Luo's ownership share for a total of $103,675. *See* Ma Decl. ¶ 8; Exhibit 11.

31. During the June shareholders' meeting, several of the shareholders voiced objections to Defendant Luo continuing to use the name "Peppercorns Kitchen" for her Indiana restaurant. *See e.g.*, Xiong Decl. ¶ 4. In response, Judy represented that she did not want anything to do with "Peppercorns Kitchen" and that she would not operate any "Peppercorns Kitchen" restaurants.

32. To be clear, Plaintiff and its remaining shareholders never engaged in any conduct or made any statement that would leave Defendant Luo to reasonably believe that Plaintiff (or its shareholders) authorized or endorsed Defendant Luo to start—or continue operating—the Indiana restaurant, to use the name and mark PEPPERCORNS KITCHEN, to use Plaintiff's interior décor trade dress, to use Plaintiff's copyright-protected menu designs and photographs, or to use Plaintiff's recipes, trade secrets, and know-how. *See* Ma Decl. ¶ 9. Quite the contrary, many of the shareholders expressly objected to Defendant Luo opening her Indiana copycat restaurant. *See e.g.*, Xiong Decl. ¶ 4.

33. Recently, Defendant Luo escalated the dispute and damage to Plaintiff by opening a second unauthorized "Peppercorns Kitchen"—this time in *Illinois*.

34. Again, Defendants opened this restaurant at the beginning of 2018 without Plaintiff's knowledge or authorization.

35. Furthermore, Plaintiff and its shareholders never engaged in any conduct or made any statement that would leave Defendants to reasonably believe Plaintiff or its shareholders authorized or permitted Defendants to start or continuing operating the Westmont, Illinois

6

restaurant, use the name and mark PEPPERCORNS KITCHEN (or its translation in Chinese characters), use the Plaintiff's interior décor trade dress, use its copyright-protected menus and other works, or use its recipes, trade secrets, and know-how.



*Plaintiff's Online Pictures*  *Defendants' Online Pictures*

36.    Adopting Plaintiff's unique and source-identifying interior design and décor, Defendants copied the restaurant's unique combination of (1) circular tables in the middle of the

restaurant with square tables against the wall, (2) brown wood floor paneling with black chairs, and (3) the exact same red paper lanterns hanging from the ceiling.

|  *Plaintiff's Décor* |  *Defendants' Decor* |
|---|---|

 

**Plaintiff's Injury and Damages**

37.     Defendant Luo has purloined and continues to hijack Plaintiff's trademarks rights, copyrights, customers, and business identity.  In addition to stealing Plaintiff's name, trademarks, trade dress, and copyrights, Defendants are also hijacking Plaintiff's entire business by submitting a fraudulent federal trademark application to the United States Patent and Trademark Office.  *See* Exhibit 12.

38.     Indeed, on February 13, 2018, without Plaintiff's knowledge or consent, Defendant FIM fraudulently filed a federal trademark application (Serial No. 87796001) for "PEPPERCORNS KITCHEN" in Chinese characters ("the Application").  *See* Exhibit 12.

39.     In the Application, Defendant FIM fraudulently represented to the USPTO that it is the "owner of the trademark/service mark sought to be registered," that it is "entitled to use the mark in commerce," and it "believes that to the best of [its] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the

8

identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." *See* Exhibit 12.

40.     Defendant FIM made this sworn declaration even though it knew or should have known that it did not own the PEPPERCORNS KITCHEN mark, that it did not have authorization from Plaintiff to use the PEPPERCORNS KITCHEN mark for food preparations and restaurant services, and that her "willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true." *See* Exhibit 12.

41.     Defendant Luo and Defendant FIM intentionally copied Plaintiff's name, trademarks, trade dress, and copyright-protected works in order to deceive consumers into believing that they were the lawful owner, authentic source, ans/or authorized affiliate of Plaintiff's "Peppercorns Kitchen" when in in fact Defendants willfully stole such rights, property, business, and opportunity from Plaintiff.

42.     In April of this year, Plaintiff sent Defendants a cease and desist letter asserting its rights and demanding that Defendants immediately stop using the infringing marks and copyright-protected material. *See* Exhibit 13.

43.     Defendants declined to stop. Instead, Defendants astonishingly claimed that they owned the trademarks (while entirely ignoring Plaintiff's copyright claims).

**Actual Consumer Confusion**

44.     *Every day* Defendants' restaurants unlawfully used Plaintiff's name, trademarks, and trade dress, consumer confusion proliferates, and Plaintiff loses increasingly more business, revenue, and control of and returns for it goodwill.

45.     Since Defendant Luo opened the "Peppercorns Kitchen" in Westmont, Illinois, there have been several instances of actual consumer confusion.

46.     Many customers have called Plaintiff's Evanston, Illinois "Peppercorns Kitchen" to complain about the food at the Westmont, Illinois location—which is markedly inferior food. Ma Decl. ¶ 10.

47.     Several consumers have communicated to Plaintiff and its shareholders that Defendant Luo tells them that the unauthorized Westmont, Illinois restaurant is a second location of the Evanston location.  Ma Decl. ¶ 11.

48.     Confused customers have also mistakenly called Plaintiff's restaurant believing it is one of the two other unauthorized and unlawful Peppercorns Kitchen locations.

49.     Consumers searching online for "Peppercorns Kitchen Illinois" using a search engine are exposed to listings of Defendants' unauthorized Westmont location.  *See* Exhibit 14.

50.     More problematically, Plaintiff's Evanston, Illinois "Peppercorns Kitchen" averages a 4.3/5 on Google Reviews® and 4/5 rating on Yelp® while Defendants' unauthorized West Lafayette, Indiana location averages a much lower 3.3/5 rating on Google Reviews® and Defendants' unauthorized Westmont, Illinois location averages sub-4/5 rating on Google Reviews®.  *See* Exhibits 15.

51.     Additionally, Defendants in bad faith registered and currently unlawfully operate infringing websites and social media accounts that confuse consumers as to the source of or

affiliation of Defendants' business and restaurants, including domain names <www.peppercornskitchenmenu.com>, <www.peppercornskitchenil.com>; and the Facebook Page <www.facebook.com/baguoyanyi>. *See* Exhibits 16-18.

52. Defendants even list their infringing restaurants on GrubHub®.



53. Finally, Defendants have unlawfully copied and publicly posted Plaintiff's copyright-protected photographs of Plaintiffs restaurant exterior, menu, and website.

54. Simply put, Defendants continue to unlawfully purloin Plaintiffs' customers, steal Plaintiffs' sales, and free-ride off Plaintiff's intellectual property and goodwill.

55. Unless the Court immediately enjoins Defendants from using Plaintiff's name, trademarks, trade dress, and copyright-protected material, consumers will be further deceived, Plaintiff will be deprived of the benefit of its goodwill, Plaintiff will continue to lose out on sales and licensing revenue from its trademarks and copyright-protected material, and Plaintiff will lose complete control of its brand.

56.     Plaintiff must be compensated for the damages it has suffered to date as well as those damages that continue to accrue.

## Count I
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

57.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-56.

58.     Plaintiff is the rightful owner of the PEPPERCORNS KITCHEN service mark, logo, and interior trade dress in at least Illinois and Indiana.

59.     "PEPPERCORNS KITCHEN" is an inherently distinctive trademark, as it suggests but does not describe Plaintiff's food preparation and restaurant services.

60.     Plaintiff's logo and interior trade dress are also inherently distinctive marks.

61.     Without Plaintiff's authorization, Defendant Luo began using an identical service mark, logo, and interior trade dress for restaurant services in West Lafayette, Indiana sometime in February of 2016.  Additionally, without Plaintiff's authorization, Defendant FIM began using Plaintiff's service mark, logo, and and interior trade dress in Westmont, Illinois at the beginning of 2018.

62.     Defendants purposely chose the Plaintiff's name, service mark, logo, and interior trade dress to steal Plaintiff's identity, to free ride off Plaintiff's brand, and to purloin Plaintiff's loyal consumers.

63.     Defendants' provision of identical services, in the same geographical area (Illinois and Indiana), through the same channels of trade, under an identical name ("Peppercorns Kitchen") using virtually identical menu and interior décor, has caused and is likely to continue to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Plaintiff's services, in that the general public, trade, and others are likely to believe that

Defendants' restaurants are operated or franchised by Plaintiff or are otherwise legitimately connected with, approved by, or related to Plaintiff.

64.     Defendants' aforesaid usage of Plaintiff's service marks, logo, and trade dress for food preparation and restaurant services in the form of a restaurant called "Peppercorns Kitchen" constitutes the use of a false designation of origin and false representation that Defendants' business and services are legitimately affiliated, connected, or associated with Plaintiff, in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

65.     Actual confusion in this case is legion as consumers have frequently called the wrong restaurant to make orders or have contacted the wrong owners to voice complaints.

66.     Defendants' communications and actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill and commercial magnetism associated with the Plaintiff's service mark, logo, and trade dress to Plaintiff's great and irreparable injury.

67.     Even though Plaintiff sent Defendants a cease and desist letter in April of this year, Defendants continue to willfully infringe on Plaintiff's service mark, logo, and trade dress.

68.     Defendants have made clear that they intend to continue to advertise and offer identical services under an identical mark and will continue their unfair and unlawful actions unless restrained by this Court.

69.     Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to irreparably damage Plaintiff, unless enjoined by this Court; wherefore, Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of the Plaintiff and against Defendants as follows:

(a) Preliminary and permanent injunctive relief against Defendants, enjoining them and their agents from using the Plaintiff's name, logo, and trade dress; from operating unauthorized websites and social media accounts.

(b) Plaintiff's damages associated with Defendants' infringement and unfair competition, in an amount to be determined at trial, but in no event less than $75,000;

(c) Plaintiff's costs and reasonable attorneys' fees in the Court's discretion.

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## Count II
## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, et seq.)

70.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-69.

71.     Under the Copyright Act, "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501.

72.     Plaintiff owns and has properly submitted copyright applications to the United States Copyright Office for eight photographs and one design illustration and has paid the requisite filing fees and made the requisite deposits, thereby satisfying the Copyright Act's jurisdictional requirements per Seventh Circuit precedent.

73.     Defendants knew or reasonably should have known that they did not have a valid license to copy, publish, display, distribute, or otherwise use the copyright-protected photographs and design illustration without owner's permission.

14

74.     Defendants' reproduction, distribution, and public display of Plaintiff copyright-protected works violates the exclusive rights belonging to Plaintiff, including without limitation, the Plaintiff's rights under 17 U.S.C. §106.

75.     Defendants' infringement of the Plaintiff's copyright-protected works has been willful and deliberate, and in utter disregard for Plaintiff's rights.

76.     As a direct and proximate result of Defendants' infringement, Plaintiff has been damaged and Defendants have realized financial gains and reaped benefits that rightfully belonging to Plaintiff, including lost licensing fees.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendants:

(a)  A preliminary and permanent injunction, enjoining Defendants and their agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them, from selling, publishing, republishing, distributing, displaying, copying, or otherwise commercially exploiting Plaintiff's copyright-protected works in any manner;

(b)  Award Plaintiff damages in an amount to be determined at trial, but in no event less than $20,000, including (i) actual damages; (ii) profit Defendants made from their infringing conduct; (iii) the benefit to Defendants for their infringing conduct; and (iv) all other damages attributable to the infringement by Defendants to which Plaintiff is entitled under 17 U.S.C. §504;

(c)  Award prejudgment interest to Plaintiff;

(d)  Award Plaintiff its reasonable attorney's fees and costs under 17 U.S.C. §505;

(e)  Award such other relief Plaintiff is entitled under the Copyright Act; and Award such other relief that this Court deems just and proper.

## Count III
## UNFAIR COMPETITION (Illinois Common Law)

77.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-76.

78.     Plaintiff owns a protectable common law right in its name and service mark ("Peppercorns Kitchen"), its logo (featuring the color red and Chinese characters along with English "Peppercorns Kitchen"), and its original and inherently distinctive interior décor trade dress.

79.     Defendants' use of Plaintiff's name, service mark, logo, and interior décor trade dress has caused and will continue to cause consumer confusion as to the source of Defendants' services and their affiliation to or approval by Plaintiff.

80.     Plaintiff has suffered damages as a direct and proximate result of Defendants' tortious unfair competition, including loss revenue, loss licensing fees, and loss of goodwill.

81.     Defendants' aforesaid acts have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this Court; wherefore, Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants that includes the following:

> a) Preliminary and permanent injunctive relief against Defendants, enjoining them and their agents from using the Plaintiff's name, logo, and trade dress and from operating unauthorized websites and social media accounts.

> (b) Plaintiff's damages associated with Defendants' infringement and unfair competition, in an amount to be determined at trial, but in no event less than $75,000;

> (c) Plaintiff's costs and reasonable attorneys' fees in the Court's discretion.

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

**Count IV**
**DECEPTIVE TRADE AND BUSINESS PRACTICES (815 ILCS 510/1, et seq.)**

82.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-81.

83.     Defendants' aforesaid acts violate the Uniform Deceptive Trade Practices Act of the state of Illinois, 815 ILCS 510/1--510/7, and similar laws in the states where Defendants have sold and promoted their services.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants that includes the following:

(a) Preliminary and permanent injunctive relief against Defendants, enjoining them and their agents from using the Plaintiff's name, logo, and trade dress and from operating unauthorized websites and social media accounts.

(b) Plaintiff's damages associated with Defendants' infringement and unfair competition, in an amount to be determined at trial, but in no event less than $75,000;

(c) Plaintiff's costs and reasonable attorneys' fees in the Court's discretion.

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

**Count V**
**VIOLATION OF ANTI-CYBERSQUATTING CONSUMER**
**PROTECTION ACT (15 U.S.C. §1125(d))**

84.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-83.

85. Defendants registered the domain names <www.peppercornskitchenmenu.com> and <www.peppercornskitchenil.com> ("the Domain Names") in bad faith and with full knowledge of Plaintiff's use of and ownership of its PEPPERCORNS KITCHEN name and mark.

86. Defendants commercial use of the Domain Names to attract business to their infringing copycat restaurants and to profit from the goodwill of Plaintiff's name and mark.

87. Defendants' aforesaid registration and use of the Domain Names violates the Anti-cybersquatting Consumer Protection Act, Section 43(d) of the United States Trademark Act, 15 U.S.C. §1125(d).

88. Defendants' aforesaid acts greatly and irreparably damage Plaintiff and will continue to damage Plaintiff unless enjoined by this Court; wherefore, Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants that includes the following:

(a) Transfer of the Domain Names to Plaintiff;

(b) Plaintiff's damages associated with Defendants' infringement and unfair competition, in an amount to be determined at trial, but in no event less than $75,000;

(c) Plaintiff's costs and reasonable attorneys' fees in the Court's discretion.

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

### Count VI
### BREACHED OF FIDUCIARY DUTY (Illinois Common Law)

89. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-88.

90.     Defendant Luo owed a fiduciary duty of loyalty to Plaintiff and her fellow shareholders.

91.     Defendant Luo breached that duty of loyalty by usurping Plaintiff's name, trademarks, trade dress, copyrights, recipes, and business identity and opening a copycat restaurant in Indiana while she was still a 25% shareholder of Plaintiff.

92.     As a result of Defendant Luo's breach, Plaintiff has sustained extensive damages, including loss of sales, goodwill, brand control, and business identity.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants that includes the following:

(a)  Preliminary and permanent injunctive relief against Defendants, enjoining them and their agents from using the Plaintiff's name, logo, trade dress, copyrights, menu, recipes, and from operating unauthorized websites and social media accounts.

(b)  Plaintiff's damages associated with Defendants' breach of fiduciary duty, in an amount to be determined at trial, but in no event less than $75,000;

(c)  Plaintiff's costs and reasonable attorneys' fees in the Court's discretion.

(d)  Both pre-judgment and post-judgment interest; and

(e)  Such other and further relief as this Court finds just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: May 23, 2018

Respectfully submitted,

THE BOILING POINT, INC. d/b/a/
PEPPERCORNS KITCHEN,

By: /s/ Daliah Saper

Daliah Saper
Bar No. 6283932
Saper Law Offices, LLC
505 N LaSalle, Suite 350
Chicago, IL 60654
Telephone: 312-527-4100
ds@saperlaw.com

Matthew Grothouse
Bar No. 6314834
Saper Law Offices, LLC
505 N LaSalle, Suite 350
Chicago, IL 60654
Telephone: 312-527-4100
matt@saperlaw.com

*Attorneys for Plaintiff.*